UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH HANKINS,<br><br>           Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>           Defendants. | No.  2:24-cv-0150 TLN SCR P<br><br><br>ORDER |

Plaintiff, a civil detainee proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's application to proceed in forma pauperis ("IFP").  Because this court finds plaintiff's IFP application incomplete and submitted on the wrong form, the application will be denied without prejudice.  Plaintiff will be given the opportunity to file a new application to proceed IFP.

The court may authorize the commencement of an action "without prepayment of fees or security therefor" by an individual who submits an affidavit evidencing an inability to pay such fees or give security therefor.  28 U.S.C. §1915(a).  However, if the individual is a prisoner, as defined in 28 U.S.C. §1915(h), they will be required to pay the filing fee by deductions from their trust account maintained by their place of incarceration.  28 U.S.C. §§1914(a), 1915(b).

When this action was filed, it was classified as a prisoner case.  Plaintiff filed his application to proceed IFP on the form used for prisoners.  (ECF No. 2.)  On June 17, 2024,

1

plaintiff filed a motion to have the court re-classify this case as a non-prisoner civil rights case because he is a civil detainee. (ECF No. 6.) This court accepts plaintiff's representation that he has been civilly committed. If plaintiff is granted leave to proceed in forma pauperis, he will not be required to pay the filing fee through deductions to his trust account.

Because plaintiff is not a prisoner, he must submit an application to proceed in forma pauperis by a non-prisoner. The court notes that the application plaintiff filed is incomplete. Plaintiff checked the box indicating that he has received money from "other sources" in section 3.f. (ECF No. 2 at 1.) However, plaintiff did not comply with the following paragraph that requires the applicant to describe the source of the income, the amount received, and what, if anything, the applicant expects to receive in the future. Plaintiff should carefully fill out the new application to proceed IFP to assure that he has provided all required information.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion to be classified as a non-prisoner civil detainee (ECF No. 6) is granted.
2. Plaintiff's motion to proceed IFP (ECF No. 2) is denied without prejudice.
3. Within thirty days of the date of this order, plaintiff shall file a new application to proceed IFP on the form provided.
4. The Clerk of the Court shall provide plaintiff with a copy of the form application to proceed IFP for non-prisoners.

DATED: September 23, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2