UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH HANKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>    Defendants. | No.  2:24-cv-0150 TLN SCR P<br><br><br>ORDER |

Plaintiff, a civil detainee[1] proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis.  For the reasons set forth below, this court grants plaintiff leave to proceed in forma pauperis ("IFP"), finds plaintiff states a potentially cognizable claim against defendant Williams, and finds plaintiff states no other claims cognizable under §1983.  Plaintiff will be given the option of proceeding immediately on his claim against Williams or filing an amended complaint.

////

////

---

[1] Plaintiff filed a motion to have this case re-classified as a non-prisoner civil rights case because he has been civilly committed. (ECF No. 6.)  This court granted that motion. (Sept. 23, 2024 Order; ECF No. 8.)  Therefore, this court  considers plaintiff's motion to proceed in forma pauperis and his complaint under the standards for non-prisoners.

1

**IN FORMA PAUPERIS AND SCREENING**

**I.     Legal Standards**

Plaintiff's IFP application makes the financial showing required by 28 U.S.C. §1915(a)(1). However, a determination that a plaintiff qualifies financially for IFP status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Courts must review the complaint that initiates the action and perform this screening function.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See id. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618,

624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

## II.     Linkage Requirement

Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

## III.     Discussion

### A. Plaintiff's Allegations

Plaintiff is detained at Napa State Hospital. He complains of conduct that occurred between 2015 and 2020 when he was an inmate at the Sacramento County Jail ("Jail"). Plaintiff identifies the following defendants: (1) Sacramento County; (2) Psychiatrist Gregory Sokolov; (3) Psychiatrist Williams; (4) Lynn Delgado, Supervisor for Jail Psych Services ("JPS"); (5) Jason Roof, Director of JPS; (6) A. Dhillon, L.C.S.W. for JPS; (7) Stephanie B., an employee for JPS; and (8) Sacramento County Sheriff's Deputy Hancock.

Plaintiff alleges the following. Between 2015 and 2020, defendant Williams prescribed Zyprexa for plaintiff. Plaintiff asked for, but was denied, a side-effects sheet. Plaintiff was unaware that Zyprexa is known to cause Type 2 Diabetes, gynecomastia, and male breast enlargement, all of which plaintiff was diagnosed with between 2017 and 2020.

Plaintiff attempted to file grievances regarding these issues but was told they were illegible or had been discarded. In December 2021, the Jail opened plaintiff's legal mail outside his presence and attempted to coerce plaintiff to engage in arbitration, apparently regarding his grievance, without counsel. Plaintiff contends the Jail has a history of obstructing inmates from pursuing legal remedies.

Plaintiff seeks compensatory and punitive damages, and an injunction requiring the Jail to undergo reforms regarding its grievance and informed consent policies.

**B. Does Plaintiff State Claims for Relief under Section 1983?**

As set forth above, to state a claim against a defendant, plaintiff must explain just what that defendant did, or failed to do, that violated his rights. Plaintiff must allege facts showing a connection between each defendant and the constitutional injury or injuries plaintiff claims to have suffered. See Starr, 652 F.3d at 1207-08. The only defendants plaintiff mentions by name in the body of the complaint are Dr. Williams and Sacramento County. Plaintiff fails to allege any conduct by, and therefore any claims for relief against, the other defendants.

It appears that plaintiff is attempting to allege a claim that Williams violated plaintiff's due process rights by failing to provide plaintiff with information about the potential side effects of Zyprexa. Plaintiff is further alleging that Sacramento County is liable for Williams' conduct. Plaintiff also mentions a violation of the right to confidentiality of his legal mail and an obstruction of his right of access to the courts due to the mishandling of his grievances.

**1. Fourteenth Amendment Claim re Informed Consent**

The Ninth Circuit has held that "the Fourteenth Amendment substantively protects a person's rights to be free from unjustified intrusions to the body, to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently." Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002) (citations omitted). In White v. Napoleon, which the

1 Ninth Circuit cited favorably in Benson, 304 F.3d at 884, the Third Circuit held that "[p]risoners
2 have a right to such information as is reasonably necessary to make an informed decision to
3 accept or reject proposed [medical] treatment, as well as a reasonable explanation of the viable
4 alternative treatments that can be made available in a prison setting."  897 F.2d 103, 113 (3d Cir.
5 1990); see also Pabon v. Wright, 459 F.3d 241, 250 (2d Cir. 2006) (prisoners have "a liberty
6 interest in receiving such information as a reasonable patient would require in order to make an
7 informed decision as to whether to accept or reject proposed medical treatment") (citing White,
8 897 F.2d at 113)).

9 Plaintiff alleges Williams denied plaintiff's request for a description of the side effects of
10 Zyprexa.  While plaintiff does not explicitly state that he would have refused Zyprexa had he
11 known the side effects, this court is required to liberally construe plaintiff's allegations and finds
12 plaintiff's complaint minimally sufficient to state a Fourteenth Amendment claim against
13 Williams.

**2. County's Liability**

15 Plaintiff generally states Williams was acting as an "agent" of the County and that the
16 County has a history of preventing inmates from completing the grievance process.  To the extent
17 plaintiff is contending the County is responsible for all defendants' actions, that contention is
18 insufficient to state a claim.  The County and supervisory personnel are generally not liable under
19 §1983 for the actions of their employees under a theory of respondeat superior and, therefore,
20 when a named defendant holds a supervisorial position, the plaintiff must show "a sufficient
21 causal connection between the supervisor's wrongful conduct and the constitutional violation."
22 Starr, 652 F.3d at 1207 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).  Vague and
23 conclusory allegations concerning the involvement of official personnel in civil rights violations
24 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25 To the extent plaintiff is alleging the County had a policy or practice that violated his
26 rights, those allegations are insufficient as well.  Under Monell, "[a] government entity may not
27 be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be
28 shown to be a moving force behind a violation of constitutional rights."  Dougherty v. City of

Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citing Monell, 436 U.S. at 694). "[A] policy is 'a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" Oviatt By and Through Waugh v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). "A 'custom' for purposes of municipal liability is a 'widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law.'" Young v. City of Visalia, 687 F. Supp. 2d 1141, 1147 (E.D. Cal. 2009) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996). After establishing one of the methods of liability, "a plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional deprivation." Id.

### 3. Possible Other Claims

If plaintiff is attempting to allege a claim that a defendant or defendants violated his rights when they opened his legal mail, plaintiff must allege facts showing that the mail was in fact legal mail because it was from an attorney or potential attorney. If plaintiff is attempting to challenge the grievance procedures, plaintiff is advised that he is not entitled to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Jones v. Corizon Health, No. 1:16-cv-1055-SKO (PC), 2017 WL 2225075, at *6 (E.D. Cal. May 22, 2017).

# CONCLUSION

Above, this court finds plaintiff states a plausible Fourteenth Amendment claim for relief against defendant Williams. This court further finds plaintiff states no other claims. Plaintiff has a choice. Plaintiff may proceed immediately on his claim against Williams or plaintiff may amend the complaint. If plaintiff chooses to proceed on his claim against Williams, plaintiff will voluntarily dismiss all other claims and defendants.

If plaintiff chooses to file an amended complaint, plaintiff must address the problems with his complaint that are explained above. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his legal rights. The court is not required to review exhibits to determine what plaintiff's allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Starr, 652 F.3d at 1207-08 (a person deprives another of a constitutional right if that person was personally involved in the deprivation, set in motion acts by others that resulted in the deprivation, or refused to terminate acts by others that resulted in the deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

1    The Federal Rules of Civil Procedure contemplate brevity.  Plaintiff's claims must be set
2 forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A.,
3 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which
4 was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  However, "a
5 complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on
6 its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 570).  A claim is
7 plausible when the plaintiff includes facts "that allow[] the court to draw the reasonable inference
8 that the defendant is liable for the misconduct alleged."  Id.

9    An amended complaint must be complete in itself without reference to any prior pleading.
10 E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

11   By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
12 has evidentiary support for his allegations, and for violation of this rule the court may impose
13 sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

14   For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as
15 follows:

16    1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 10) is granted.
17    2. Plaintiff has stated a potentially cognizable Fourteenth Amendment claim against
18 defendant Williams.
19    3. Plaintiff's other claims are dismissed with leave to amend.
20    4. Plaintiff may choose to proceed on his potentially cognizable claim set out above or he
21 may choose to amend his complaint.  If plaintiff chooses to proceed on his potentially cognizable
22 claim in the complaint, he shall voluntarily dismiss his other claims and defendants.
23    5. Within thirty days of the date of this order, plaintiff shall fill out and return the
24 attached form indicating how he would like to proceed in this action.
25 ////
26 ////
27 ////
28 ////

6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: November 4, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMIAH HANKINS,

    Plaintiff,

    v.

SACRAMENTO COUNTY, et al.,

    Defendants.

No. 2:24-cv-0150 TLN SCR P

PLAINTIFF'S NOTICE ON HOW TO PROCEED

Check one:

\_\_\_\_\_  Plaintiff wants to proceed immediately on his Fourteenth Amendment claim against defendant Williams. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_  Plaintiff wants to amend the complaint.

DATED:_____

                                          _____
                                          Jeremiah Hankins, Plaintiff