UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMIAH HANKINS,

    Plaintiff,

    v.

SACRAMENTO COUNTY, et al.,

    Defendants.

No.  2:24-cv-0150 TLN SCR P

ORDER

Plaintiff is a civil detainee proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983.  Plaintiff's third amended complaint ("TAC") is before the court for screening.  ECF No. 22.  As explained below, the TAC states cognizable claims against Doe defendants only.  Plaintiff will be given the option to proceed on these claims but must identify the Does' identities before the undersigned will direct service.  In addition, because it appears that plaintiff omitted in error the three medical-provider defendants against whom he previously stated cognizable claims, the undersigned also grants him one final opportunity to amend.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In performing this screening function, the court must dismiss any claim that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous

1

when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

<strong>FACTUAL ALLEGATIONS OF THE TAC</strong>

Plaintiff was at all relevant times a civil detainee in Sacramento County Jail ("SCJ").  ECF No. 26 at 1.  His TAC concerns alleged unlawful actions by SCJ correctional, medical, and mailroom staff that (1) caused him to develop gynecomastia and diabetes as a side effect of the psychotropic medication Zyprexa; and (2) frustrated his efforts to seek relief for those injuries.  The TAC contains 22 total claims against defendants sued in their individual capacities: (1) Lynn Delgado, an SCJ LCSW; (2) Jason Roof, Director of Jail Psych Services ("JPS"); (3) John Does #1-10, SCJ mailroom deputies; and (4) Deputy Hancock, SCJ supervisor.  Id. at 2.  Plaintiff seeks $5 million in damages and an order for SCJ to "undergo major policy reform regarding their grievance and informed consent policies to ensure that they be free from fraud."  Id. at 25.

**I.      Defendant Delgado (Counts 1 to 8)**

Plaintiff raises First Amendment access to court (counts 1-2), Fourteenth Amendment

2

adequate medical care (counts 3-4, 7-8), and Eighth Amendment cruel and unusual punishment (counts 5-6)[1] claims against defendant Delgado.  ECF No. 26 at 3-6, 9-10.  All the claims share the same general facts.  Plaintiff alleges that defendant Delgado coerced him into signing falsified investigation summaries and canceled the appeals process by "trashing" the grievances and appeals he sent to her desk.  Id. at 3.  These actions sabotaged his ability to bring "this complaint" and "took away the litigation option."  Id.

## II.    Defendant Hancock (Counts 9 and 12)

Plaintiff raises First Amendment mail access (count 9) and Eighth Amendment cruel and unusual punishment (count 12) claims against defendant Hancock.  Both share the same facts.  ECF No. 26 at 11, 14.  Plaintiff alleges defendant Hancock "allowed his staff in the mail-room to coordinate and interfere with the SCJ-JPS staff to sabotage [plaintiff's] right to litigate complaints after he suffered two severe injuries."  Id. at 11.  Specifically, defendant Hancock covered up that mailroom staff read his outgoing, clearly marked "legal mail" to a prospective civil rights attorney by telling plaintiff that staff opened the mail because they thought he was going to "jailbreak" and later said the mail was opened but not read.  Id.  Defendant Hancock knew plaintiff was pursuing litigation, and by opening his mail "gave SCJ a heads up on how Plaintiff's argument will be presented in trial."  Id.

## III.    Defendant John Does #1-10 (Counts 10 to 11, 21 to 22)

Plaintiff raises First Amendment mail access (counts 10-11), First Amendment court access (count 21), and Eighth Amendment cruel and unusual punishment (count 21) claims against defendants John Does #1-10.  ECF No. 26 at 12-13, 23-24.  These claims also repeat the same general facts.  Plaintiff alleges that "one or more" of the Doe defendants "opened up the

---

[1]  Because plaintiff was a civil detainee at all times, his Eighth Amendment conditions claims arise instead under the Fourteenth Amendment.  Youngberg v. Romeo, 457 U.S. 307, 315 (1982); see also Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002) ("Because [plaintiff] had not been convicted of a crime, but had only been arrested, his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment.").  However, because the facts underlying the TAC's Eighth Amendment claims mirror its First Amendment court/mail access and Fourteenth Amendment inadequate medical care claims and are more appropriately analyzed under those latter standards, the undersigned will not separately screen for Fourteenth Amendment due process claims.

3

clearly marked, on both sides of the envelope, 'legal Mail' outside of Plaintiff's presence" in violation of the jail's legal mail policy.  This action "actively interfere[d] with [plaintiff's] right to litigate by stopping confidential communication confidence with [a] prospective attorney."  Id.

### IV.    Defendant Roof (Counts 13 to 20)

Plaintiff raises First Amendment court access (counts 13-14), Fourteenth Amendment inadequate medical care (count 15-18), and Eighth Amendment cruel and unusual punishment (counts 19-20) claims against defendant Roof.  ECF No. 26 at 15-16, 17-20, 21-22.  Plaintiff alleges that defendant Roof, the JPS Director, has a policy of allowing psychiatrists and LCSWs to "stop litigation or sabotage it from happening."  Id. at 15.  Plaintiff further claims that defendant Roof has a "deficient policy for ensuring that his subordinates are adhering to 'acceptable standards of medical care when prescribing and monitoring the side effects of drugs,'" including the requirements in the California Code of Regulations.  Id. at 17.

### LEGAL STANDARDS

### I.    42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

### II.    Linkage

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell, 436 U.S. at 694; Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202,

4

1207-08 (9th Cir. 2011) (quotation marks and citation omitted).

### III.    Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 677 ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). A supervisor can be held liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989)). The requisite causal connection can be established by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. Starr, 652 F.3d at 1207 (9th Cir. 2011) (internal quotations and citations omitted). There also can be no such supervisorial liability in the absence of an underlying constitutional violation by subordinates. Puente v. City of Phoenix, 123 F.4th 1035, 1064 (9th Cir. 2024).

### DISCUSSION

### I.    Fourteenth Amendment Inadequate Medical Care (Delgado and Roof)

#### A.  Legal Standard

When filed by individuals in civil custody, claims of violations of the right to adequate medical care proceed under the Fourteenth Amendment and "must be evaluated under an objective deliberate indifference standard." Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc)). The elements of a civil detainee's Fourteenth Amendment medical care claim are:

> the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

5

Id. at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." Id. "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Id. (internal quotation omitted). "Thus, the plaintiff must prove more than negligence but less than subjective intent – something akin to reckless disregard." (Id.) (internal quotation omitted).

### B.  Analysis

In the previous screening order, the undersigned determined that plaintiff's second amended complaint stated cognizable Fourteenth Amendment inadequate medical care claims against two SCJ psychiatrists and an SCJ physician.  ECF No. 23.  But in the TAC, plaintiff did not name any of his medical providers as defendants and omits all of the SAC's factual details regarding his psychiatric care and the alleged lack of informed consent about the side effects of Zyprexa.

Because plaintiff did not allege any specific intentional acts regarding his medical care, he cannot proceed with Fourteenth Amendment inadequate medical care claims against either defendant Delgado or defendant Roof.  The allegations regarding defendant Delgado concern her investigation of plaintiff's allegations of inadequate medical care and interference with his ability to litigate, not the care itself.  Moreover, plaintiff has not adequately alleged defendant Roof's supervisory liability.  The TAC vaguely alleges that Roof is responsible for a SCJ policy of inadequate medical care but does not describe plaintiff's medical care at SCJ let alone allege defendant Roof's personal participation in it.  Accordingly, the TAC does not state any cognizable Fourteenth Amendment inadequate medical care claims.

### II.     First Amendment Mail Access (Defendants Hancock and John Does #1-10)

#### A.  Legal Standard

Under the First Amendment, prisoners have a right to send and receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  However, a prison may adopt regulations or practices for inmate mail which limit a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests."  Turner v. Safley, 482

U.S. 78, 89, (1987).  "When a prison regulation affects outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.'"  Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 412 (1989)).

Courts have also afforded greater protection to legal mail than non-legal mail.  See Thornburgh, 490 U.S. at 413.  In the Ninth Circuit, prisoners have a "protected First Amendment interest in having properly marked, confidential legal mail opened only in their presence."  Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1211 (9th Cir. 2017).  However, only mail to and from plaintiff's lawyer or prospective lawyer is protected.  See Nordstrom v. Ryan, 762 F.3d 903, 909 (9th Cir. 2014) (describing the right at issue as the right to be free from "prison officials reading mail between a prisoner and his lawyer"); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) ("mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail").  As to communication with counsel, a plaintiff need not "'show any actual injury beyond the free speech violation itself to state a constitutional claim.'"  Hayes, 849 F.3d at 1212 (quoting Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008)).

### B.  Discussion

Plaintiff's allegation that "one or more" of the Doe defendants read his outgoing legal mail outside of his presence minimally states a cognizable claim under the First Amendment.  See Nordstrom, 856 F.3d at 1272 ("[P]rison officials may *inspect*, but may not *read*, an inmate's outgoing legal mail in his presence.") (emphasis in original).  In so finding, the undersigned acknowledges that "it is extremely difficult for plaintiff to identify the mailroom staff responsible because the alleged mail interference is not happening in his presence."  Kiger v. Johnson, No. 2:23-CV-1263 DC SCR P, 2025 WL 2419999, at *2 (E.D. Cal. Aug. 21, 2025).  Defendant Hancock's alleged acknowledgement to plaintiff that the Doe defendants opened his legal mail adds further factual support.

However, as explained in more detail below regarding plaintiff's options, if plaintiff elects to proceed on this claim as screened, the undersigned cannot direct service on any Doe defendants until plaintiff identities their real names.  See Mosier v. California Dep't of Corr. & Rehab., No. 1:11-cv-1034 MJS PC, 2012 WL 2577524, at *3 (E.D. Cal. July 3, 2012).

Plaintiff's TAC, however, does not adequately plead defendant Hancock's supervisory liability.  Hancock's explanation to plaintiff for the Doe defendants' actions does not, by itself, establish his personal participation in the alleged rights violation.  See Iqbal, 556 U.S. at 677 (rejecting argument that a "supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution").  Plaintiff's claim essentially seeks to hold defendant Hancock vicariously liable for his subordinates' actions, which is not a cognizable theory of liability under § 1983.  Id.  Accordingly, the TAC states a First Amendment mail access claim against defendants Does #1-10 only.

### III.   First Amendment Court Access (Defendants Delgado, John Does, and Roof)

#### A.  Legal Standard

Incarcerated persons have a right of access to the courts that is protected by the First Amendment's right to petition the government and the due process clause of the Fourteenth Amendment.  See Snyder v. Nolen, 380 F.3d 279, 290-291 (7th Cir. 2004) (discussing the development of cases concerning a prisoner's right of access to the courts).  Prison officials may not actively interfere with an inmate's right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015).  In order to state a claim for the denial of access to the courts, a plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

#### B.  Analysis

Plaintiff's TAC does not state cognizable First Amendment court access claim against any defendant because it does not allege an actual injury.  See Lewis, 518 U.S. at 549.  Plaintiff repeatedly alleges that defendants "sabotaged" his ability to litigate this action, see ECF No. 26 at 3, 11, 15, but does not explain what specific barriers to this litigation they created or any particular prejudice he has faced in these proceedings.

To the extent plaintiff alleges that defendant Delgado disposed of or failed to investigate his grievances, such claims are not cognizable under § 1983.  See Ramirez v. Galaza, 334 F.3d

8

850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to3 a specific prison grievance procedure.") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (failure to process a grievance does not state a cognizable claim under § 1983).  Moreover, to the extent plaintiff alleges that defendant Delgado's actions prevented him from exhausting administrative remedies, plaintiff is advised that courts generally only address PLRA exhaustion on screening "[i]n the rare event that a failure to exhaust is clear on the face of the complaint."  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  In other words, plaintiff's apparent concern that defendant Delgado's actions prevented him from exhausting through the grievance process will be addressed after the court determines plaintiff stated cognizable claims and plaintiff elects to proceed on those claims.  Accordingly, the undersigned finds that plaintiff has not stated a cognizable First Amendment court access claim.

### IV.    Injunctive Relief

Finally, plaintiff's request for injunctive relief regarding changes to SCJ policies is moot.  According to the Docket, plaintiff currently resides at a state hospital.  When a plaintiff seeks injunctive relief concerning a particular facility, like plaintiff's request here for informed consent policy changes at SCJ, his claims for such relief become moot when he is no longer subjected to those conditions.  Tiedemann v. von Blanckensee, 72 F.4th 1001, 1008 (9th Cir. 2023); see also Garcia v. Adams, No. 1:06-CV-0360 OWW DLB PC, 2007 WL 2492683, at *1 n.1 (E.D. Cal. Aug. 30, 2007) (screening out request for equitable relief because "[p]laintiff is no longer housed at the prison at which his claims accrued"), report and recommendation adopted, No. 1:06-cv-0360 OWW GSA PC, 2007 WL 3172930 (E.D. Cal. Oct. 29, 2007).  If plaintiff decides to proceed with the TAC as screened, he may only pursue damages.

### OPTIONS FROM WHICH TO CHOOSE

After conducting the screening required by 28 U.S.C. § 1915A(a), the undersigned finds that the SAC states a cognizable First Amendment mail access claim against Doe Defendants #1-10, but no other cognizable claims.  Plaintiff has not adequately alleged defendant Hankins' supervisory liability for the alleged mail access violations, and plaintiff has not pled any

cognizable Fourteenth Amendment inadequate medical care claims or First Amendment court access claims against any defendants.

It appears to the court that plaintiff may be able to allege facts to fix these problems. Therefore, plaintiff has the option of proceeding on his cognizable claim or filing an amended complaint that addresses the issue the court identified above. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

**Option No. 1:** The first option available to plaintiff is to proceed immediately against Doe Defendants #1-10 on the First Amendment mail access claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the remaining defendants. However, **if plaintiff chooses this option the undersigned will not order service of the TAC on any Doe Defendant until plaintiff learns their identities and seeks leave to amend the complaint to add their real names.** Plaintiff will receive time to investigate and determine their identities.

**Option No. 2:** The second option available to plaintiff is to file an amended complaint to fix the problems described above. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amended complaint.

If plaintiff chooses to amend, **he must pay careful attention to the standards for amended complaints.** As explained above, in the last screening order, the undersigned screened in Fourteenth Amendment inadequate medical care claims against three of plaintiff's medical providers. Because plaintiff elected to amend but left these three individuals out of the TAC, the court strongly suspects that their omission was in error. Therefore, plaintiff is again reminded that **the court cannot refer to a prior pleading in order to make his amended complaint complete.** Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no longer serves any function in the case. **Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.**

10

**PLAIN LANGUAGE SUMMARY OF ORDER**

Plaintiff's third amended complaint states a First Amendment mail access claim against Does Defendants #1-10 but no other claims.  Plaintiff will be given the option to proceed on this First Amendment mail access claim.  But because the complaint does not give the Defendants' real names, the court cannot order that they be served.  Plaintiff will be given time to find out their real names and amend the complaint to add them.  Plaintiff's other option is to amend the complaint.  Plaintiff left out his two psychiatrists and doctor from this complaint.  The court cannot refer back to plaintiff's past complaints.  Plaintiff must include all defendants and claims in an amended complaint.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff has stated a cognizable First Amendment mail access claim against Doe Defendants #1-10, but no other cognizable claims.

2.  Plaintiff has the option to proceed immediately on his cognizable First Amendment mail access claims, or to file an amended complaint.

3.  Within thirty (30) days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

4.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of his First Amendment court access and Fourteenth Amendment inadequate medical care claims, as well as defendants Delgado, Roof, and Hancock.

DATED: April 30, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMIAH HANKINS,

              Plaintiff,

     v.

SACRAMENTO COUNTY,

              Defendants.

No.  2:24-cv-0150 TLN SCR P

NOTICE OF ELECTION

**Check One:**

_____ Plaintiff elects to proceed immediately against Defendant Does #1-10 on the First Amendment mail access claims.  By choosing this option, plaintiff will be agreeing to voluntarily dismiss the remaining defendants.  Plaintiff further understands that the court cannot serve the TAC on Defendant Does #1-10 until plaintiff identifies them and seeks leave to amend the complaint.  Plaintiff will receive time for that investigation.

_____ Plaintiff wants time to file an amended complaint. Plaintiff must include all defendants and claims in an amended complaint. The court cannot refer back to plaintiff's past complaints.

DATED:_____

                                _____
                                Jeremiah Hankins, Plaintiff pro se

1